# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Case No. __22-mc-00189-NYW___

IN RE: *EX PARTE* APPLICATION OF BRITANNIC ASSETS LTD UNDER 28 U.S.C. § 1782 TO TAKE DISCOVERY FROM PALANTIR TECHNOLOGIES INC.

---

### *EX PARTE* APPLICATION FOR ORDER
### TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782

---

Petitioner Britannic Assets Ltd (based in Tortola, British Virgin Islands, "BAL" or "Petitioner"), by undersigned counsel, respectfully submits this *ex parte* application for an order pursuant to 28 U.S.C. § 1782(a) authorizing Petitioner to take discovery from Palantir Technologies Inc. ("Palantir") for use in a foreign proceeding.[1]   The facts supporting this application are more fully set forth in the accompanying Declaration of Dr. Alexander Amann (the "Amann Decl."), Petitioner's lead lawyer in the Liechtenstein proceeding defined below, executed on September 30, 2022.

## PRELIMINARY STATEMENT AND FACTUAL BACKGROUND

Petitioner is a plaintiff in a civil proceeding pending in Vaduz, Liechtenstein (the "Liechtenstein Action") under the title *Britannic Assets Ltd, et ano. v. Accuro Fund Solutions AG, Liechtensteinische Landesbank AG and Jan Hartmann* (Princely District Court of Vaduz, case no. 08 CG.2022.57), pending before the Princely District Court in Vaduz, Liechtenstein, a court of first instance.  *See* Amann Decl. at ¶ 2.  As set forth in greater detail in the Amann Decl., Petitioner is an aggrieved investor that alleges it suffered several million dollars in damages when they subscribed to receive fund shares in the STS Tech Investment Fund (hereinafter "STS Tech Fund")—a sub-fund established by the Alternative Investment Fund ("AIF") WH Inv. Man. SICAV—and inexplicably never received their shares.  *See id.* at ¶¶ 8-11.

The Defendants in the Liechtenstein Action and their roles are, generally, as follows: (1) Accuro Fund Solutions AG ("AFS") was the administrator of the STS Tech Fund and manager of investors' money; (2) Liechtensteinische Landesbank AG ("LLB") was the custodian bank of the

---

[1] *See In re Perez Pallares*, No. 10–cv–02528–PAB, 2010 WL 4193072, *1 (D. Colo. Oct. 20, 2010) (finding *ex parte* application to be appropriate because respondents may object or modify request through subsequent motions); *see also Gushlak v. Gushlak*, 486 Fed. Appx. 215, 217 (2d Cir. 2012) (unpublished) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*.").

AIF and the STS Tech Fund, and (3) Jan Hartmann ("Hartmann") was an initiator, and a promoter of the STS Tech Fund. *See id*. at ¶¶ 5-7. Hartmann along with Volker Wieker—another initiator of the STS Tech Fund who is not a party in the Liechtenstein Action—decided the STS Tech Fund should invest in Palantir prior to its initial public offering. *See id* at ¶ 5. In July and August 2020, Petitioner invested $2.4 million in the STS Tech Fund, and thus, legally subscribed to receive their shares. *See id*. at ¶ 8. However, LLB informed Petitioner on August 25 and 26, 2020, that they would not transfer the subscribed fund shares. *See id*. at ¶ 9. LLB reasoned that the fund had not been launched and that it was no longer able to invest additional money into the STS Tech Fund. *See id*. at ¶¶ 10-11. While AFS and LLB allege that Petitioner's fund subscriptions were rejected because it was impossible to acquire Palantir shares during the time in question, this claim has no factual or legal merit to justify their actions. *See id*. at ¶¶ 11-13. Therefore, Petitioner alleges that the refusal to transfer shares was unlawful and that their subscriptions were rejected because of conflicts of interests on the part of AFS and/or Hartmann. *See id*. at ¶¶ 10, 16-22. Petitioner believes AFS and/or Hartmann invested in the STS Tech Fund and/or Palantir, and so refused to transfer the subscribed fund shares to Petitioner in order to protect their own investments from being diluted and/or prevent a reduction in their own investment performance. *See id*.

Petitioner therefore seeks documents and correspondence between Defendants in the Liechtenstein Action and Palantir. *Id*. at ¶ 23. This information will help Petitioner understand and explain Defendants' failure to transfer shares and determine whether Palantir shares were held by Defendants prior to Palantir's initial public offering. *Id*. ¶¶ 16, 23. Palantir's corporate headquarters is located in Denver, Colorado and thus it is found in this District. *Id*. at ¶ 2. The proposed discovery request to Palantir is solely intended to be used in connection with Petitioners'

claim in the Liechtenstein Action.  *Id.* at ¶ 27.  Palantir is not a party in the Liechtenstein Action. *Id.* at ¶ 24.

As set forth below, Federal law authorizes this Court, pursuant to 28 U.S.C. § 1782(a), to grant discovery for use in a foreign proceeding upon the application of an interested person.  As shown below, Petitioner is an interested person entitled to invoke Section 1782(a) and therefore it respectfully seeks an order granting leave to obtain discovery from Palantir for use in the Liechtenstein Action.

## ARGUMENT

### I.       THIS APPLICATION SATISFIES THE STATUTORY REQUIREMENTS OF 28 U.S.C. § 1782(a)

Section 1782(a) authorizes U.S. district courts to grant discovery of documents or information located in the district to foreign litigants for use in foreign proceedings.  Section 1782(a) states pertinently:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . .  The order may be made pursuant to . . . the application of any interested person . . . .

28 U.S.C. § 1782(a).

In considering a Section 1782 application, the Court must determine whether (1) the person from whom discovery is sought resides the district of the district court to which the application is made, (2) the discovery is sought for use in a proceeding before a foreign or international tribunal, and (3) the applicant is an interested party in the foreign proceeding.  *Salt Mobile S.A. v. Liberty Glob. Inc.*, No. 20-MC-00153-CMA, 2021 WL 2375864, at *1 (D. Colo. June 10, 2021); *In re Ex Parte Application Under 28 U.S.C. § 1782 to Take Discovery from Americo Fialdini Junior*, No. 21-MC-0007-WJM-NYW, 2021 WL 253455, at *2 (D. Colo. Jan. 26, 2021) (Wang, M.J.); *Westjet*

*Airlines, Ltd. v. Lipsman*, No. 15-MC-00174-MSK-KMT, 2015 WL 7253043, at *2 (D. Colo. Nov. 17, 2015) (Tafoya, M.J.); *In re Kegel*, No. 13CV-02054-REB-BNB, 2013 WL 4462110, at *1 (D. Colo. Aug. 20, 2013) (Boland, M.J.).  Moreover, Section 1782 applications should be evaluated in the light of the statute's twin aims – namely (1) providing efficient means of assistance to participants in international litigation in our federal courts, and (2) encouraging foreign countries by example to provide similar means of assistance to our courts.  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 252 (2004); *see also Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012).  The statutory language, legislative intent, and applicable case law leave no doubt that the Petitioner here meets the statutory requirements.

        1.      <u>Palantir is Found in this District</u>

Petitioner meets the first statutory requirement because Palantir is found in this District. Palantir maintains its headquarters here at 1555 Blake Street, Suite 250, Denver, CO 80202.  *See* Amann Decl. at ¶ 2; *Salt Mobile S.A. v. Liberty Glob. Inc.*, No. 20-MC-00153-CMA, 2021 WL 2375864, at *2 (D. Colo. June 10, 2021) (finding corporation with headquarters in Denver "reside[s] within the District of Colorado").

        2.      <u>Discovery is Sought for Use in the Liechtenstein Proceeding</u>

The second statutory requirement is also met, as the discovery sought is for use in a proceeding before a foreign tribunal within the meaning of Section 1782.  *See In re Kegel*, 2013 WL 4462110, at *1 (granting discovery to applicant that sought production of documents from individual in Colorado for use in foreign investment dispute in Canada); *In re Ex Parte Application Under 28 U.S.C. § 1782 to Take Discovery from Americo Fialdini Junior*, No. 21-MC-0007-WJM-NYW, 2021 WL 253455, at *1-*2 (D. Colo. Jan. 26, 2021) (granting discovery to applicant seeking discovery in Colorado for use in Brazilian proceeding).  Similar to the applicants in *In re*

*Kegel* and *In re Ex Parte Application Under 28 U.S.C. § 1782 to Take Discovery from Americo Fialdini Junior*, here, Petitioner seeks discovery for use in a foreign proceeding. Specifically, Petitioner seeks discovery for the Liechtenstein Action pending before the Princely District Court in Vaduz, Liechtenstein, a court of first instance, and thus their request qualifies as for use in a foreign proceeding. *See Id.*; Amann Decl. at ¶ 2.

       3.      <u>Petitioners are Interested Parties Within the Meaning of § 1782</u>

There is no doubt that the Petitioner, as a party in the Liechtenstein Action, meets the definition of "interested person[s]." *See Intel*, 542 U.S. at 256-57 ("litigants are included among . . . 'interested person[s]' who may invoke §1782"); *Westjet Airlines, Ltd. v. Lipsman*, No. 15-MC-00174-MSK-KMT, 2015 WL 7253043, at *1-*2 (D. Colo. Nov. 17, 2015) (Tafoya, M.J.) (finding applicants are interested persons as plaintiffs in foreign proceeding and granting *ex parte* application for discovery); *In re Ex Parte Application Under 28 U.S.C. § 1782 to Take Discovery from Americo Fialdini Junior*, 2021 WL 253455, at *1-*2 (finding applicant initiating action in Brazil to be interested person and granting *ex parte* application for discovery). Here, Petitioner seeks discovery solely "for use" in the Liechtenstein Action to establish and prove their positions in the Liechtenstein Action, so must be considered interested persons. *See* Amann Decl. at ¶¶ 2, 27. Therefore, the third statutory requirement is met as well. Thus, pursuant to 28 U.S.C. § 1782(a), this Court has authority to grant Petitioner the requested discovery.

**II.    THE COURT SHOULD EXERCISE ITS DISCRETION IN FAVOR OF GRANTING THIS APPLICATION**

Once all elements of the statutory requirements of Section 1782(a) are met, requests for assistance should be liberally granted. *See Chevron Corp. v. Snaider*, 78 F. Supp. 3d 1327, 1335 (D. Colo. 2015) ("[I]f the court finds the [statutory] factors are fully satisfied, the court must then consider whether certain discretionary factors weigh in favor of granting the application"); *see*

*also Application of Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1997) (explaining district courts should evaluate Section 1782 applications in light of twin aims of statute in order to "provid[e] efficient means of assistance to participants in international litigation . . . and encourag[e] foreign countries by example to provide similar means of assistance"); *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d at 80 (describing Section 1782 as having "increasingly broad applicability") (citation omitted).

The Supreme Court has identified four factors that "bear consideration" by courts' ruling on Section 1782 applications: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the subpoena contains "unduly intrusive or burdensome requests [that] may be rejected or trimmed." *Intel*, 542 U.S. at 264-65. Consideration of each of these factors strongly favors granting the instant application.

The first *Intel* factor instructs district courts to consider whether the requested discovery is sought from a participant in the foreign case. If the person from whom discovery is sought is a participant in the foreign proceeding, the need for Section 1782 aid is generally not as "apparent" as it would be for a non-participant, because "[a] foreign tribunal has jurisdiction over those appearing before it and can itself order them to produce evidence." *Intel*, 542 U.S. at 264; *see also In re Request for Int'l Jud. Assistance from the Norrkoping Dist. Ct., Sweden*, 219 F. Supp. 3d 1061, 1062-63 (D. Colo. 2015) (granting order to obtain DNA evidence from party not named in foreign proceeding); *Salt Mobile*, 2021 WL 2375864, at *2-*3 (granting order to obtain discovery

reasoning in-part that foreign proceedings not brought against respondents).  Here, it is submitted that the target of discovery, Palantir, is not a party in the Liechtenstein Action.  Amann Decl. at ¶ 24.  Therefore, this factor weighs in favors of granting the Application for Petitioner.

Likewise, the second *Intel* factor also weighs in favor of granting this application.  In considering the foreign tribunal's receptivity to U.S. judicial assistance, district courts "should consider only authoritative proof that the foreign tribunal would reject the information obtained with the aid of section 1782."  *Salt Mobile*, 2021 WL 2375864, at *4 (quoting *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1099 (2d Cir. 1995)).  Absent any clear opposition by foreign courts or tribunals, courts should be guided by the desire to serve the aims of the statute.  *See Salt Mobile*, 2021 WL 2375864, at *4 (holding application would further goals of Section 1782 given respondents' failure to cite any authoritative proof Swiss court would reject evidence).  Here, Petitioner seeks discovery to help prove claims and address defenses and anticipated defenses in the dispute before the Liechtenstein court.  *See e.g.,* Amann Decl. at ¶¶ 16, 23.  Petitioner's counsel in Liechtenstein attest that they are not aware of any rule or policy of the courts of Liechtenstein that would preclude the submission of evidence obtained pursuant to Section 1782, so this factor should be found in favor of Petitioner.  *See* Amann Decl. at ¶ 26; *In re Request for Int'l Jud. Assistance from the Norrkoping Dist. Ct., Sweden*, 219 F. Supp. 3d at 1063 (Finding "nothing in the request that the Court should decline to grant the application based on the fact it is in the Swedish court" and granting petitioner's *ex parte* application for discovery).

The third *Intel* factor requires the Court to consider "whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States."  *Intel*, 542 U.S. at 265.  As the *Intel* Court made clear, this factor does not impose a requirement that the discovery sought would be available to the applicant if the

documents were located in the foreign jurisdiction. *See id.* at 259-263. Rather, the appropriate inquiry under the third *Intel* factor is whether the applicant is pursuing Section 1782 discovery in good faith. *Salt Mobile*, 2021 WL 2375864, at *4 (citing *Euromepa S.A.*, 51 F.3d at 1101 n.6); *Interbrew Cent. Eur. Holding BV v. Molson Coors Brewing Co.*, No. 13-CV-02096-MSK-KLM, 2013 WL 5567504, at *2 (D. Colo. Oct. 9, 2013) (Mix, M.J.) ("Applicant's discovery requests do not attempt to circumvent foreign proof-gathering restrictions, as they are a good-faith effort to obtain probative evidence"). In addition, there is no requirement that an applicant for Section 1782 discovery must first pursue the requested discovery in the foreign jurisdiction or amongst parties to the foreign proceeding. *See Salt Mobile*, 2021 WL 2375864, at *4 (citing *In re Application for Ord. Permitting Metallgesellschaft AG to take Discovery*, 121 F.3d 77, 79 (2d Cir. 1999) (explaining there is no exhaustion requirement to § 1782 application)); *Chevron Corp. v. Snaider*, 78 F. Supp. 3d at 1338 ("[I]t is contrary to legal precedent to argue that discovery may not be had from a non-party on the sole basis that the discovery has not been sought from a party in the foreign litigation"). Here, the Petitioner in good faith seeks discovery that is highly relevant to the claims in the Liechtenstein Action, and it is immaterial whether they sought to obtain this information through the courts in Liechtenstein. *See* Amann Decl. at ¶¶ 16, 23; Therefore, this *Intel* factor weighs in Petitioner's favor as well.

Finally, in evaluating the fourth *Intel* factor, the district court should consider whether the proposed request is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. Discovery requests are not unduly burdensome when they "would be permitted under the Federal Rules of Civil Procedure." *Interbrew Cent. Eur. Holding BV*, 2013 WL 5567504, at *2. Here, the documents sought are highly relevant to the Petitioner's claims, and we respectfully submit that the four targeted document requests are proportional to the needs of the case. *See* Amann Decl. at Exhibit

1 thereto (proposed subpoena and document requests attached thereto).  Petitioner has endeavored to make their four document requests focused and targeted to minimize any burden upon Palantir. The requested discovery will help elucidate critical issues in the Liechtenstein Action.  *See id.* Moreover, Petitioner's counsel are prepared to discuss whether any of the requests impose an unforeseen undue burden and to negotiate in good faith a reasonable tailoring to address any such presently unforeseen circumstances.

## **CONCLUSION**

For the foregoing reasons, as well as those set forth in the accompanying Amann Decl., Petitioner respectfully requests that the Court enter an order authorizing Petitioner's counsel to serve the proposed subpoena and conduct the requested discovery in this District pursuant to 28 U.S.C. § 1782.

Dated: October 4, 2022                                    Respectfully submitted,

                                                          BERENS LAW LLC

                                                          By: */s/ Jeffrey A. Berens*
                                                              Jeffrey A. Berens
                                                              2373 Central Park Blvd., Suite 100
                                                              Denver, CO 80238
                                                              Telephone: (303) 861-1764
                                                              Email: jeff@jberenslaw.com

                                                          STONE LAW GROUP PLLC
                                                              Ralph M. Stone
                                                              620 Fifth Avenue, 2nd Floor
                                                              New York, NY 10020
                                                              Telephone: (212) 239-1550
                                                              Email: rs@stonepllc.com

                                                          *Attorneys for Petitioner*