# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Nina Y. Wang

Case No. 22-mc-00189-NYW

IN RE: *EX PARTE* APPLICATION OF BRITANNIC ASSETS LTD UNDER 28 U.S.C. § 1782 TO TAKE DISCOVERY FROM PALANTIR TECHNOLOGIES, INC.

---

### STIPULATION AND PROTECTIVE ORDER GOVERNING CONFIDENTIALITY

---

WHEREAS an order of this Court entered on October 20, 2022, authorized Britannic Assets Ltd. ("Petitioner") to take discovery from Palantir Technologies Inc. (the "Producing Party"), for use in a foreign legal proceeding;

WHEREAS Petitioner subpoenaed the Producing Party to produce information for inspection and copying;

WHEREAS the Producing Party believes such information contains confidential, proprietary, and private information entitled to special protection from public disclosure under the Federal Rules of Civil Procedure;

WHEREAS entry of this Stipulation and [Proposed] Protective Order Governing Confidentiality (the "Order") will provide a level of confidentiality appropriate to the requirements of the Producing Party for such information; and

WHEREAS good cause exists, consistent with the requirements of Federal Rule of Civil Procedure 26(c)(1), this Court enters this Order governing the handling of information produced by the Producing Party in response to the subpoena issued by Petitioner; it is hereby **ORDERED** that:

    1.    Producing Party may designate as "Confidential," for the purposes of this Order,

any document, or information that it produces which contains confidential, proprietary, or non-public information, which Producing Party believes in good faith, subject to applicable law and facts, warrants protection from public disclosure under Federal Rule of Civil Procedure 26(c); however, such information will not include information that has been lawfully disclosed in the public domain, is a matter of public record, or is available by lawful means and not in breach of a confidentiality obligation.

2.  Confidential information shall be used only in connection with, and for the purpose of, the Liechtenstein Action (also referred to herein as the "Action") as defined in the Declaration of Dr. Alexander Amann dated September 30, 2022 [ECF Docket Entry no. 1-1 in this proceeding], including any appeals thereof, and for no other purpose, and shall not be disclosed to any other person, corporation or entity for any purpose except as provided herein.

3.  The designation of information produced as "Confidential" in response to the subpoena shall be designated at the time of its production. Documents shall be stamped or labeled "Confidential" on each page containing any Confidential information or in any other reasonable manner appropriate to the form in which the Confidential information is produced.

4.  The Producing Party's inadvertent failure to designate information as "Confidential" does not constitute a waiver and may be corrected by a supplemental written notice to Ralph M. Stone or any subsequent recipient of that information designating such information "Confidential," which notice shall be provided as promptly as practicable after learning of the inadvertent failure to designate. The party receiving such supplemental written notice will then mark and treat such information as "Confidential" and that information will be fully subject to this Order as if it had been initially designated.

5.  The protections conferred by this Protective Order cover not only information

designated "Confidential" (as defined above), but also: (1) any information copied or extracted from the "Confidential" information; (2) all copies, excerpts, summaries, or compilations of such information; and (3) any testimony, conversations, or presentations that might reveal the "Confidential" information. Any use of the Producing Party's "Confidential" information at trial shall be governed by a separate agreement or order.

6.  Any information designated as "Confidential," and any information derived therefrom, may be disclosed only to the following persons: (i) the parties to the Action (the "Parties") and, to the extent necessary to assist in the conduct of the Action, the Parties' present and former officers, directors and employees; (ii) counsel to Parties, including such counsel's partners and associates, contract attorneys, paralegals, secretarial staff, clerical and other regular or temporary employees and service vendors; (iii) any outside experts who have been consulted for the purpose of being retained, or who have been retained to provide assistance, expert advice or technical consultation concerning the Action, provided that, prior to receiving Confidential information, any such outside expert or consultant executes the Acknowledgement of Entry of Protective Order Governing Confidentiality; (iv) the judges, essential staff (including court appointed experts), and triers of fact of the judicial tribunals before which the Action or any related action pends; (v) any other person only upon order of the Court or upon written agreement of the Producing Party; and (vi) persons who authored the Confidential information or who received such information through means other than disclosure in this action. All parties executing Acknowledgement of Entry of Protective Order Governing Confidentiality shall maintain the original executed document in their files, and shall transmit a copy thereof to the undersigned counsel for Petitioner.

7.  All persons given access to information designated as Confidential pursuant to

9

this Order (other than actual witnesses, the Parties (and their counsel) and those persons described in subparagraph "(iv)" of the preceding section) shall (a) read and agree to be bound by this Order; (b) take all appropriate steps to prevent the disclosure or use of the designated information other than in accordance with the terms of this Order; and (c) consent to this Court's continuing jurisdiction for purposes of enforcing and remedying any violations of the Order.

8. Filing in this Court of any information or document designated as Confidential shall be avoided to the extent reasonably practicable, and shall be made under seal. Furthermore, any testimony related to any information or document designated as Confidential shall be designated Confidential and afforded the same treatment as Confidential documents received pursuant to this Order.

9. If any party who, in accordance with the terms of this Order, receives information designated as confidential believes that such information is not properly subject to the confidentiality provisions of this Order and wishes to dispute such designation, he may do so by notifying the Producing Party in writing, providing a description of the challenged material or information. If the parties are unable to resolve the dispute, the party asserting the objection may request by motion a ruling that the material or information designated as Confidential is not entitled to such status and protection under this Order. Such motion shall be made not later than thirty (30) days after service on the Producing Party of notification of the challenge to the designation. The

protection afforded to the materials or information by this Order shall continue unless and until the Court grants any such motion.

10. If another court or an administrative agency in any jurisdiction subpoenas or otherwise orders or requests production of information designated as Confidential pursuant to

this Order, the person to whom the subpoena or other process is directed will promptly provide the Producing Party with a copy of such subpoena or process and identify in writing the material or information believed to be subject to production in response to the subpoena or other process. If the Producing Party timely seeks a protective order, the party to whom the subpoena or other process was directed shall not produce any information designated in this action as "Confidential" before a determination by the court from which the subpoena or other process issued, unless the party has obtained the Producing Party's permission. Absent seeking a protective order, and unless otherwise ordered by such other court or administrative agency, Confidential information shall not be produced prior to thirty (30) days after the receipt of written notice by Producing Party.

11. If a party receiving "Confidential" information learns that, by inadvertence or otherwise, it has disclosed "Confidential" information (as protected by this agreement) to any person or in any circumstance not authorized under this Stipulated Protective Order, that party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the "Confidential" information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12. Upon the final conclusion of the Action (including any appeals), but not later than 30 days after such final conclusion of the Action, Petitioner shall destroy all copies including electronic and electronically maintained copies of any and all such Confidential information and shall confirm in writing that all persons bound by the acknowledgment attached hereto shall also have destroyed all such Confidential information.

13. Nothing herein shall prevent the Court from modifying this Order in any way upon application of a Producing Party or Petitioner; nor shall anything herein prevent a Producing Party from objecting to discovery it believes to be improper.

14. Petitioner and the Producing Party agree that this Court has jurisdiction to enforce the provisions of this Protective Order. The Court shall retain jurisdiction to enforce or modify this Order, even after the conclusion of the Action.

DATED: November 16, 2022

BY THE COURT:

_____
Nina Y. Wang
United States District Judge

EXHIBIT A
ACKNOWLEDGEMENT OF ENTRY OF PROTECTIVE
ORDER GOVERNING CONFIDENTIALITY

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulation and Protective Order Governing Confidentiality (the Order) that was issued by the United States District Court for the District of Colorado, captioned *In re Application of Britannic Assets Ltd,* Case No. 22-mc-00189- NYW.  I agree to comply with and be bound by all the terms of the Order and I understand and acknowledge that failure to so comply could expose me to a motion to enforce the Order or to seek relief under the terms of the Order.

       I agree to be subject to the jurisdiction of the United States District Court for the District of Colorado for the purpose of any proceedings relating to enforcement of the Order.

Date: _____    Signature: _____


Please retain the original executed copy of this form in your files, and e-mail a copy to:
Ralph M. Stone (rs@stonepllc.com).

13